**NOT FOR PUBLICATION**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| SYDNEY C. STERN, <br><br> Plaintiff, <br><br> v. <br><br> EDWARD A. SEYKOTA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil No. 2002-134 <br> ) <br> ) <br> ) <br> ) |

**Attorneys:**

**A. Jeffery Weiss, Esq.**
    St. Thomas, U.S.V.I.
    *For the Plaintiff*,

**Michael Sheesley, Esq.**
    St. Thomas, U.S.V.I.
    *For the Defendant*.

**ORDER**

Before the Court is the motion of defendant Edward A. Seykota ("Seykota") for reconsideration of the Court's June 12, 2007, Order.

On December 21, 2004, Seykota filed a motion for summary judgment on all claims brought by plaintiff Syndey C. Stern ("Stern"). On January 31, 2005, the Court received a one-page notice stating that Stern served Seykota with an opposition to the summary judgment motion. On February 7, 2006, the Court granted Stern's motion to file her opposition out of time.

At that time, the Local Rules required the opponent of a

*Stern v. Seykota*
Civil No. 2002-134
ORDER
Page 2

dispositive motion to serve their opposition on the movant. *See* LRCi 56.1(a)(1) (2005). The movant had ten days to compose any reply before filing "a cover letter and all original papers received from all parties with the Clerk." *Id* at 56.1(a)(2).

Seykota never filed an opposition on behalf of Stern. Rather, Seykota filed a certification of no opposition on December 21, 2004. On January 17, 2007, the Court granted summary judgment, while noting that no opposition had ever been filed (the "January 17, 2007, Judgment").

On March 21, 2007, Stern moved the Court set aside the January 17, 2007, Judgment. Stern attached an affidavit from Attorney Karin Bentz ("Attorney Bentz"), swearing that she had served a copy of her opposition on Seykota on January 25, 2005. *See* Mot. for Rule 60 Relief, March 21, 2007, Ex 6. Stern also attached a copy of her opposition, signed by Attorney Bentz and dated January 25, 2005. *See id.* at Ex. 1.

In a status conference in May, 2007, Attorney Michael Sheesley ("Attorney Sheesley"), acting as counsel for Seykota, represented to the Court that he was unaware of any opposition received by Seykota.

Upon a review of its notes, the Court observed that prior to the issuance of the January 17, 2007, Judgment, Attorney Sheesley, himself, had faxed an exact copy of Stern's signed

*Stern v. Seykota*
Civil No. 2002-134
ORDER
Page 3

opposition to the Chambers of Chief Judge Curtis V. Gòmez. Thus, it is clear that Stern served her opposition on Seykota, and that his failure to comply with the Local Rules resulted in the January 17, 2007, Judgment in his favor. Under these circumstances, the Court found that the only just solution was to consider Stern's opposition. Thereafter, the Court vacated it's January 17, 2007, Judgment.

On June 28, 2007, Seykota filed a motion for reconsideration of the June 12, 2007, Order.

This Court grants motions to reconsider when a party can show at least one of three possible grounds: first, an intervening change in the controlling law; second, new evidence that was not available when the court granted the original motion; or third the need to correct a clear error of law or fact, preventing manifest injustice. *See Max's Seafood Café ex rel. Lou-Ann, Inc. V. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); LRCi 7.4 (2007). Seykota has not shown any change in law, new evidence, or manifest injustice.

Accordingly, it is hereby **ORDERED** that Seykota's motion for reconsideration is **DENIED**.

July 16, 2007                s/_____
                             Curtis V. Gòmez
                             Chief Judge